IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JEREMY LEE CONLIN,

      Petitioner,

v.                            Case No. 2:06-cv-00636

STATE OF WEST VIRGINIA ex rel.
DOUG DRETTE, ATTORNEY GENERAL
GREG ABBOTT, State of Texas,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On August 15, 2006, Petitioner, who is presently incarcerated in the State of Texas, filed an Application to Proceed in forma pauperis (docket sheet document # 1), a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (# 2), a Memorandum in support thereof (# 3) and a Request for an Evidentiary Hearing (# 4).  This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

The following facts are taken from Petitioner's section 2254 petition, as well as the docket sheet and a Sentencing Order entered on February 11, 2002 in State of West Virginia v. Conlin, Case No. 01-F-48 in the Circuit Court of Nicholas County:

On November 15, 2001, Petitioner pled guilty to one count of malicious assault in the Circuit Court of Nicholas County (<u>State of West Virginia v. Conlin</u>, Case No. 01-F-48).  On January 25, 2002, Petitioner was sentenced to two to ten years in prison.  However, the presiding Circuit Court Judge suspended the sentence and ordered that Petitioner be granted youthful offender status, with placement at the Anthony Correctional Center for a period of six months to two years.

The February 11, 2002 Sentencing Order also notified Petitioner of his right to appeal his conviction and sentence to the Supreme Court of Appeals of West Virginia.  Apparently no timely appeal was filed.

Following Petitioner's successful completion of the program at the Anthony Correctional Center, a final disposition hearing was held on February 20, 2003.  At that time, the court re-sentenced Petitioner to a three-year term of probation.  However, the parties submitted an agreed order to release Petitioner from probation.  An order granting Petitioner's early release from probation was entered on March 28, 2003.  Accordingly, Petitioner was no longer under the court's supervision as of that date.

<u>**ANALYSIS**</u>

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the assigned judge must promptly examine the petition and, where "it plainly appears from the petition and any attached exhibits

2

that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on or about June 11, 2002, when the time for filing a direct appeal expired. Accordingly, the one-year period for filing a federal petition for a writ of habeas corpus under section 2254 expired on or about June

11, 2003.  Even if the time period were run from February 20, 2003, the date that Petitioner was re-sentenced to three years of probation, the one-year statute of limitations would have run on February 20, 2004.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition on his 2002 malicious assault conviction is clearly untimely.

Furthermore, the United States Supreme Court has interpreted section 2254(a) as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.  See Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  Since Petitioner's sentence on his malicious assault conviction has expired, Petitioner is no longer "in custody" for purposes of that conviction, nor is he even in the custody of the State of West Virginia.

> District courts are limited to granting habeas relief "within their respective jurisdictions."  We have interpreted this language to require nothing more than that the court issuing the writ have jurisdiction over the custodian.  Braden, 410 U.S., at 495, 93 S. Ct. 1123.

Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)(quoting 28 U.S.C. § 2241(a)).

Because Petitioner is presently incarcerated in the State of Texas, and not "in custody" for the West Virginia malicious assault conviction which he is challenging in his section 2254 petition, the undersigned proposes that the presiding District Judge **FIND**

4

that this District Court lacks jurisdiction over his custodian and his claim.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition (# 2) and **DENY AS MOOT** Petitioner's Application to Proceed in forma pauperis (# 1) and Petitioner's Request for an Evidentiary Hearing (# 4).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th

Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

_____September 1, 2006_____
               Date

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge

6